UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CENTER FOR GESTALT DEVELOPMENT, INC.,<br><br>                              Plaintiff,<br><br>        v.<br><br>CHARLES BOWMAN, JEAN-MARIE ROBINE, and the INSTITUT FRANÇAIS DE GESTALT-THÉRAPIE,<br><br>                              Defendants. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

## TABLE OF CONTENTS

NATURE OF THE ACTION ................................................................................................ 1

PARTIES ............................................................................................................................... 3

JURISDICTION AND VENUE ........................................................................................... 5

FACTUAL BACKGROUND ............................................................................................... 6

CLAIMS FOR RELIEF ...................................................................................................... 13

I.      Copyright Infringement ....................................................................................... 13

II.     Contributory Copyright Infringement ................................................................. 15

III.    Vicarious Copyright Infringement ....................................................................... 16

PRAYER FOR RELIEF ...................................................................................................... 14

DEMAND FOR JURY TRIAL .......................................................................................... 21

## TABLE OF EXHIBITS

Exhibit A      The Copyrighted Manuscript

Exhibit B      The Infringing Book

Exhibit C      Copyright Assignments, Agreement, and Supporting Material

                    C.1          Assignments by Stephen & Renate Perls
                    C.1.a        Power of Attorney by Renate Perls
                    C.1.b        Notice of Prior Assignment to Stephen & Renate Perls
                    C.2          1991 Agreement with Estate of Laura Perls
                    C.2.a        Letters Testamentary Appoitning Executor

Exhibit D      Comparison of Paragraphs in Copyrighted Manuscript and Infringing Book

Exhibit E      Announcement & Advertisement for Infringing Book

Plaintiff, the Center for Gestalt Development, Inc. (the "Center"), by and through its undersigned counsel, for its Complaint against Defendants Charles Bowman, Jean-Marie Robine, and the Institut Français de Gestalt-thérapie ("L'Exprimerie"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for injunctive, monetary, and declaratory relief arising from Defendants' willful infringement of the Center for Gestalt Development's exclusive rights in an unpublished manuscript authored by the pioneering psychiatrist Frederick Perls, M.D., entitled *The Psychopathology of Awareness* (the "Copyrighted Manuscript"), a copy of which is attached as Exhibit A.

2.      Frederick Perls was an iconic psychiatrist who is widely recognized as the founder of Gestalt therapy, an influential form of psychotherapy that Perls first conceived in the 1940s and that has benefitted thousands of people around the world.

3.      Before his death in 1970, Frederick Perls authored several seminal published books on Gestalt therapy, as well as several works—including the Copyrighted Manuscript—that remained unpublished upon his death.

4.      The Center for Gestalt Development is a nonprofit organization that has been dedicated to publishing and distributing books, journals, and audio and video recordings relating to Gestalt therapy since 1977, when the Center began publishing *The Gestalt Journal* (now known as the *International Gestalt Journal*), the first professional journal devoted to the discipline.

1

5.      Today, the Center publishes and distributes dozens of books on Gestalt therapy, including many of Frederick Perls' seminal books, as well as significant works by Perls' late wife and collaborator, Laura Perls, Ph.D.

6.      The Center is the owner of the registered copyright in the Copyrighted Manuscript, which consists of 63 typed pages, some with handwritten edits, addressing topics on the theory of Gestalt therapy.   It includes five chapters of a draft book entitled *Psycho-pathology of Awareness*, as well as an additional work consisting of a six-page fragment that begins with the sentence "Man is suspended in the zero-point of a meso-cosmos."

7.      The Center obtained the copyright to the Copyrighted Manuscript through a 1991 Agreement with the estate of Laura Perls and through copyright assignments executed in accordance with that agreement by Frederick and Laura Perls' heirs.

8.      Defendants are the creators, co-authors, editors, publishers, and promoters of a recently published book entitled *Psychopathology of Awareness: An unfinished and unpublished manuscript with commentaries by contemporary gestalt-therapists* (the "Infringing Book"), a copy of which is attached as <u>Exhibit B</u>.

9.      The Infringing Book contains a substantially verbatim copy of the entire Copyrighted Manuscript.   (Ex. B 13-65.)

10.      The Infringing Book's substantially verbatim copy of the Copyrighted Manuscript is preceded by a Foreword written by Defendants Bowman and Robine purporting to describe the Copyrighted Manuscript's provenance (Ex. B 7-10), and followed by a collection of essays by Bowman (Ex. B 57-64), Robine (Ex. B 187-197), and several other authors (Ex. B 65-186) that discuss (and further copy portions of) the Copyrighted Manuscript.

11.      Defendants announced publication of the Infringing Book in late 2019.

12.     Within days of that announcement, the Center contacted Defendants and advised them of the Center's exclusive publishing rights in the Copyrighted Manuscript that Defendants' forthcoming book plainly infringed.   The Center informed Defendants that they did not have the Center's permission to use the Copyrighted Manuscript and repeatedly demanded that Defendants immediately cease and desist publication.

13.     Defendants launched the Infringing Book anyway.   Since late 2019, Defendants have disregarded the Center's demands and have continued publishing, promoting, advertising, offering for sale, selling, shipping, and profiting from the Infringing Book.   In doing so, Defendants are exploiting Frederick Perls' creative work in the Copyrighted Manuscript for their own financial gain while depriving both the Center and Perls' heirs of any benefit from the Copyrighted Manuscript, all in flagrant violation of the copyright laws.

**PARTIES**

14.     Plaintiff, the Center for Gestalt Development, Inc., is a nonprofit corporation organized under New York law with its principal place of business at 290 Pond Road, Gouldsboro, Maine 04607-0460.   The Center has been a leading publisher of works on the theory of Gestalt therapy for more than forty years and is the owner of exclusive rights to, and the registered copyright in, the Copyrighted Manuscript.

15.     Defendant Charles Bowman is a therapist residing in Indiana with a residence at 91 Point Lane, Arcadia, Indiana 46030.   Bowman claims that he obtained access to the Copyrighted Manuscript in 2014.   (Ex. B 57.)   Bowman shared the Copyrighted Manuscript with Defendants Robine and L'Exprimerie, then worked closely with those Defendants to publish, promote, sell, profit from, and commercially exploit the Copyrighted Manuscript through the Infringing Book.   The Infringing Book identifies Bowman as its co-editor, a co-

author of its Foreword, and the author of one of its chapters.   (Ex. B at Cover, 7-10, 57-64.)
Bowman knew of the Center's exclusive rights in the Copyrighted Manuscript before publication
of the Infringing Book.

16.    Defendant Jean-Marie Robine is a therapist residing in France with a residence at
295 Route du Chemin Court, 33240 St. Romain La Virvee, France.   Robine is Manager and
Chief Editor of Defendant L'Exprimerie, a publisher and distributor of the Infringing Book.
Robine obtained a copy of the Copyrighted Manuscript from Bowman and worked closely with
Bowman and L'Exprimerie to publish, promote, sell, profit from, and commercially exploit the
Copyrighted Manuscript through the Infringing Book.   The Infringing Book identifies Robine as
its co-editor, a co-author of its Foreword, and the author of one of its chapters.   (Ex. B at cover,
7-10, 187-197.)   Robine knew of the Center's exclusive rights in the Copyrighted Manuscript
before publication of the Infringing Book.

17.    Defendant Institut Français de Gestalt-thérapie ("L'Exprimerie") is an association
organized under the laws of France with a principal place of business at 305 Route de Chemin
Court, 33240 St. Romain La Virvee, France.   L'Exprimerie operates, as one of its departments, a
publishing business known as "L'Exprimerie."   Robine is L'Exprimerie's founder and Manager
and Chief Editor of its publishing department.   L'Exprimerie obtained a copy of the
Copyrighted Manuscript through Bowman and Robine and has worked closely with and through
them to publish, promote, sell, profit from, and commercially exploit the Copyrighted
Manuscript through the Infringing Book.   L'Exprimerie knew of the Center's exclusive rights in
the Copyrighted Manuscript before publication of the Infringing Book.

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction over this civil action for violations of the copyright laws of the United States under 28 U.S.C. §§ 1331 and 1338(a).

19.    This Court has specific jurisdiction and personal jurisdiction over Defendants because they each have sufficient personal contacts with this district, have purposely directed their activities at residents of this district, and have availed themselves of the privilege of transacting business within this district.

20.    Among other contacts, Defendants Bowman and Robine have repeatedly traveled into this district and this Commonwealth to attend meetings and deliver presentations and trainings relating to Gestalt therapy and promote their private therapy practices.   Defendant L'Exprimerie (of which Robine is manager and chief editor) regularly solicits and accepts orders for its publications placed within this district by residents of this district and fills those orders by receiving money from residents in this district in exchange for shipping its publications into this district.

21.    In November 2019, Bowman and Robine authored and sent electronic messages to members of the Association for the Advancement of Gestalt Therapy residing within this district announcing and promoting the Infringing Book, inviting those residents to purchase the Infringing Book from L'Exprimerie through a commercial website created and maintained by the Defendants, and attaching an advertisement for the Infringing Book that Bowman and Robine created for L'Exprimerie.

22.    Between 2020 and 2022, Defendants accepted multiple orders for the Infringing Book placed in this district by residents of this district, and Defendants have filled those orders by receiving money from residents in this district in exchange for shipping copies of the Infringing Book into this district to those residents of this district.

23.     In connection with his work for L'Exprimerie, Robine also serves as a member the editorial board of *Gestalt Review*, an academic journal published in Pennsylvania twice each year by the Pennsylvania State University Press, a division of Pennsylvania State University.   In preparing the Infringing Book, Bowman and Robine sent copies of the Copyrighted Manuscript to several of Robine's colleagues on this Penn State journal's editorial board, four of whom provided Defendants with essays about the Copyrighted Manuscript that Defendants included in the Infringing Book.

24.     Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred and are occurring here, including Defendants' past and ongoing publication, offering for sale, sale, delivery, and commercial exploitation of the Infringing Book within this District.

## FACTUAL BACKGROUND

25.     Frederick Perls was born in Germany and trained as a physician and psychiatrist in Europe before fleeing Nazi Germany and eventually arriving in the United States, where he became a prominent and influential psychotherapist and author, especially in the discipline he created and popularized, Gestalt therapy.

26.     Perls authored the Copyrighted Manuscript in the early 1960s but never published it before his death in 1970.

27.     After his death and the death of his wife and longtime collaborator, Laura Perls, Ph.D., Frederick Perls' rights in the Copyrighted Manuscript passed to Laura Perls' estate, which registered it with the United States Copyright Office on February 8, 1992 under Registration No. TXu 460-658.

28.    The Center was founded in 1977 with the mission of publishing and distributing books, journals, and educational recordings relating to the theory and practice of Gestalt therapy.

29.    For more than forty years, the Center has served as an important publisher and distributor of Gestalt therapy resources, including the first journal dedicated exclusively to Gestalt therapy, as well as many significant books in that field.

30.    During the 1980s and 1990s, the Center and its affiliate, the Gestalt Journal Press, entered into a series of contracts with the estates of Frederick Perls and Laura Perls that granted the Center certain exclusive publishing rights (as well as rights to receive copyright assignments upon demand) to several published and unpublished works by Frederick and Laura Perls in exchange for royalties on any sales of those works payable to the estates or their heirs.

31.    On May 13, 1991, the Center entered into one such agreement with the estate of Laura Perls (the "1991 Agreement"), under which the estate granted the Center exclusive publishing rights to several unpublished works by Frederick Perls, including those contained in the Copyrighted Manuscript.   In accordance with that agreement, the Perls' only heirs, Stephen and Renate Perls, have assigned ownership of all copyrights in the Copyrighted Manuscript to the Center.   Copies of these assignments, along with the 1991 Agreement and supporting documents showing the authority of the signatories, are attached as Exhibit C.

32.    While the Copyrighted Manuscript remained unpublished, the Center made it available for review and study by researchers in the Gestalt therapy field through the Gestalt Therapy Archive (the "Gestalt Archive").

33.    The Gestalt Archive was created by the Center's founder, Joseph Wysong, in or about 1985 and is the world's largest collection of published and unpublished materials relating

to the history and development of Gestalt therapy.   The archive was originally housed at Kent State University.   Since 2009, it has been housed at the University of California, Santa Barbara.

34.     The Gestalt Archive makes its resources available to researchers in the Gestalt therapy field for in-person review and study.   Visitors to the archive may not remove or borrow any of its materials or copy any copyrighted works in its collection.

35.     For many years, indexes and inventories of the Gestalt Archive's collection, including the indexes and inventories made available to all visitors to the Archive, have listed the Copyrighted Manuscript by name and have identified the Copyrighted Manuscript as an unpublished manuscript by Frederick Perls that is subject to copyright.

36.     Charles Bowman is a private therapist and consultant in Indiana who markets himself as a leading expert in Gestalt therapy.

37.     Bowman has visited the Gestalt Archives and studied the materials in its collection.

38.     Sometime in the 2010s, Bowman obtained access to the Copyrighted Manuscript.

39.     Bowman has claimed that he obtained the Copyrighted Manuscript while attending a Gestalt therapy conference in California in 2014.   (Ex. B 57.)

40.     On information and belief, the version Bowman obtained was removed or copied from the Gestalt Archive—something the Center never granted anyone permission to do.

41.     Bowman sent a copy of the Copyrighted Manuscript to Robine, a therapist who also markets himself as a leading expert in Gestalt therapy, and who serves as manager and chief editor of L'Exprimerie, a publisher.

42.     Bowman, Robine, and L'Exprimerie decided and agreed to commercially exploit the Copyrighted Manuscript by creating, publishing, promoting, selling, and profiting from the Infringing Book.

43.     The version of the Copyrighted Manuscript that appears in the Infringing Book is substantially identical to the original.

44.     The similarities between the Copyrighted Manuscript and the version reproduced in the Infringing Book are striking.   A table illustrating this by listing the first few words of each paragraph in the Copyrighted Manuscript and the Infringing Work side-by-side is attached as Exhibit D.

45.     Apart from correcting a few typographical errors, Defendants made only the following changes to the Copyrighted Manuscript before publishing it in the Infringing Book:

          a.     Several pages of the Copyrighted Manuscript contain minor handwritten edits.   Defendants incorporated these into the text.

          b.     The Copyrighted Manuscript contains the first five chapters of a draft book, followed by an untitled six-page fragment.   Defendants altered the chapter headings in the draft book by deleting the heading for Chapter Four (thereby combining Chapters Three and Four), identifying Chapter Five as "Chapter Four," and adding a chapter heading to the six-page fragment, identifying it as "Chapter Five."

          c.     The six-page fragment contains 16 paragraphs.   Defendants changed the order (but not the text) of the penultimate 5 paragraphs.   (*See* Ex. D at 6, ¶¶ 10-15.)

46.     None of Defendants changes to the Copyrighted Manuscript are transformative, none add any new elements or meanings, and none reflect any significant creative work by Defendants.

47.     Defendants never contacted the Center before undertaking work on the Infringing Book to request permission to use the Copyrighted Work, and Defendants never received the Center's permission.

48.     Upon information and belief, Defendants purposefully concealed their possession of the Copyrighted Manuscript, and their scheme to publish it, to prevent the Center from discovering Defendants' infringement until after, or just before, publication of the Infringing Book.

49.     Defendants first publicly announced the Infringing Book in or about November 2019, only a few weeks before Defendants published and began selling it in December.

50.     Defendants have been actively advertising and promoting the book since in or about November 2019.

51.     For example, on November 10, 2019, Bowman sent an e-mail message on behalf of himself and Robine and an accompanying advertisement to members of the Association for the Advancement of Gestalt Therapy (the "AAGT"), including members residing in this judicial district, in which Bowman and Robine announced the forthcoming release of their Infringing Book.   The message specifically encouraged recipients to purchase the Infringing Book from a L'Exprimerie website and asked them to send copies of the advertisements to their friends.   A copy of this message, which was also posted on the AAGT's online message board, and the accompanying advertisement are attached at Exhibit E.

52.     Defendants advertising and marketing of the Infringing Book trumpet its inclusion of the previously unpublished Copyrighted Manuscript as the Infringing Book's primary selling point.

10

53.     In both their advertising and the Infringing Book itself, Defendants salaciously

mischaracterize the Copyrighted Manuscript as a "lost" text that Defendants have finally brought

to light.   For example, Defendants have written:

> Certainly, there had always been the rumor of the existence of an
> unfinished manuscript penned by Fritz Perls, the primary founder of
> Gestalt Therapy. For some of us, this rumor was a little more
> specific since this text even had a title: 'Psychopathology of
> Awareness'. But none knew where to find it - or claimed not to
> know. Like a 'cold case' dear to television police series, discovery
> and investigation led to awakening the sleeping manuscript and
> shedding light on Perls's last theoretical contributions. More time
> was then necessary to overcome multiple hesitations and mobilize
> some authors to comment on this relatively brief and sometimes
> chaotic draft.

(Ex. B at back cover; Ex. E at advertisement.)

54.     This is, of course, nonsense.   The Copyrighted Manuscript has for many years

been available to researchers at the Gestalt Archive, which lists it by name in indexes and

inventories of the Archive's collection.

55.     Promptly upon learning of Defendants' announcement the Center contacted

Defendants, on or about November 25, 2019, and explained that the Center owned exclusive

publication rights to the Copyrighted Manuscript that it obtained from the estate of Laura Perls.

The Center informed Defendants that they were unambiguously infringing the Center's exclusive

rights by preparing to publish that Copyrighted Manuscript and demanded that Defendants

immediately cease and desist publication.

56.     In response, Bowman and Robine confirmed that they were in possession of the

Copyrighted Manuscript and initially whether the Center would grant Defendants permission to

proceed with publication.   The Center refused, but Defendants brazenly proceeded publishing

and distributing the Infringing Book without the Center's permission.    Defendants have since disregarded many more demands by the Center that they cease and desist.

57.    In or about December 2019, Defendants began publishing the Infringing Book and offering it for sale through a commercial website controlled and maintained by the Defendants.

58.    Between 2020 and 2022, Defendants accepted and filled orders for the Infringing Book, receiving money from purchasers in exchange for shipping copies of the Infringing Book to customers, including accepting payment from and shipping the Infringing Book to several customers residing in this judicial district.

59.    Undeterred by the Center's repeated demands, and evidently determined to continue profiting from Frederick Perls' fame and the Center's intellectual property, Defendants continue to advertise, promote, publish, and sell copies of the Infringing Book, as well as a recently released, and similarly infringing, French translation.

60.    The benefits Defendants have received from their infringing conduct are not limited to proceeds from sales of the Infringing Book.

61.    The Infringing Book includes, before and after its reproduction of the Copyrighted Manuscript, marketing copy promoting Defendants themselves.    (*See, e.g.*, Ex. B at PDF pp. 4 and book pages 9, 10, 64, 195.)    The Infringing Book also contains repeated suggestions falsely claiming that Defendants have somehow "rescued" the Copyrighted Manuscript.

62.    Defendants have also promoted both the Infringing Book and their connection with it in many other forums, including in interviews published by Gestalt therapy associations,

in online biographical materials hosted by various third parties, and on Defendants' own websites.

63.     Defendants' promotional efforts plainly are intended not only to sell the Infringing Book, but also to use Frederick Perls' well-deserved fame and influence to raise Defendants' esteem in the eyes of the Gestalt therapy community—and in the eyes of potential customers for Bowman's and Robine's therapy and consulting services and potential authors of and customers for L'Exprimerie's publications—by suggesting a connection between Defendants and Frederick Perls.

64.     No such connection exists.   The heirs and estates of Frederick and Laura Perls did not entrust Defendants with any rights to the Copyrighted Manuscript.   They entrusted those rights to the Center.   Defendants are liable for disregarding and willfully infringing those rights.

## CLAIMS FOR RELIEF

### COUNT ONE
### Copyright Infringement
### (Against All Defendants)

65.     The Center incorporates each paragraph above as if fully set forth here.

66.     The Center owns exclusive rights and registered copyrights to the Copyrighted Manuscript, copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq*.

67.     The Infringing Book contains a substantially verbatim copy of the Copyrighted Manuscript.

68.     Without the Center's consent, authorization, approval, or license, Bowman, Robine, and L'Exprimerie knowingly, willingly, and unlawfully copied, distributed, and displayed the Center's Copyrighted Manuscript, and portions of it.

69.     Without the Center's consent, authorization, approval, or license, Bowman, Robine, and L'Exprimerie knowingly, willingly, and unlawfully copied, prepared, published, displayed, and distributed the Infringing Book (which contained the Copyrighted Manuscript, and portions of it), and continue to do so.

70.     Without the Center's consent, authorization, approval, or license, Robine, and L'Exprimerie knowingly, willingly, and unlawfully created a derivative work from the Copyrighted Manuscript in the form of a French translation of the Infringing Book and copied, prepared, published, displayed, and distributed that translation (which contains a derivative work of Copyrighted Manuscript, and portions of it), and continue to do so.

71.     The L'Exprimerie, Robine and Bowman's infringement is, and has been, knowing and willful under the Copyright Act, and the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

72.     By this unlawful copying, use, and distribution, L'Exprimerie, Robine, and Bowman have violated the Center's exclusive rights under 17 U.S.C. § 106.

73.     The L'Exprimerie, Robine, and Bowman have realized unjust profits, gains, and advantages as a proximate result of their infringement.

74.     As a direct and proximate result of Defendants' willful copyright infringement, the Center has and continues to suffer actual damages.

75.     The Center is entitled under 17 U.S.C. § 504 to recover either its actual damages together with Defendants' profits attributable to the infringement, or, at the Center's election, statutory damages of up to $150,000 for each copyrighted work infringed, as well as the Center's reasonable attorneys' fees and costs, and injunctive relief barring Defendants from further infringement of the copyrighted works.

## COUNT TWO
### Contributory Copyright Infringement
### (Against All Defendants)

76.     The Center incorporates each paragraph above as if fully set forth here.

77.     L'Exprimerie and other third parties have directly infringed and are directly infringing the Center's copyrights by copying, reproducing, distributing, displaying, and selling, and distributing the Copyrighted Manuscript to the public via the L'Exprimerie website and other online sellers such as Amazon in violation of the Center's exclusive rights and copyrights, and in violation of the Copyright Act, 17 U.S.C.§ 501.

78.     In addition to or in the alternative to their own direct infringement, Bowman and Robine are liable as contributory infringers for L'Exprimerie's direct infringement.

79.     Bowman and Robine knew that the infringement has occurred and is continuing to occur and yet they caused, enabled, facilitated, and materially contributed to that infringement.

80.     Bowman and Robine caused, enabled, facilitated and materially contributed to that infringement by obtaining the Copyrighted Manuscript without the Center's permission, by copying, distributing, and displaying the Copyrighted Manuscript to the other Defendants, by encouraging the other Defendants to publish the Infringing Book, by authoring and co-authoring portions of the Infringing Book, by soliciting other authors to provide materials that appear in the Infringing Book, by working with the other Defendants in creating, editing, pricing, and preparing the Infringing Book for publication, and by assisting the other Defendants in the publishing, promoting, advertising, and selling the Infringing Book.

81.     Bowman and Robine's knowledge of the infringement is both actual and constructive.

82.     Bowman and Robine knew that the Copyrighted Manuscript was copyrighted and that the Center (or its founder Joseph Wysong) had exclusive rights to the Copyrighted

15

Manuscript.   Among other things, Bowman has visited and studied the Gestalt Archives, which plainly identify the Copyrighted Manuscript as copyrighted material, and Robine has stated in emails that he believed even before publication of the Infringing Book that he believed or suspected that he needed permission of the Center's founder, Joseph Wysong, to proceed with publication of the Infringing Book.

83.    Bowman and Robine obviously knew of the publication, distribution, sale, and display of the Infringing Book.   Indeed, they both have widely and publicly proclaimed, that they "created" and "edited" the Infringing Book and co-authored and authored section of the Infringing Book, and they have promoted sales of the Infringing Book in multiple forums, including on publicly available resumes and biographical information, on their websites, and in mass emails they have sent to Gestalt therapy professional associations and interviews published by such associations.

84.    Bowman and Robine have continued assisting in the directly infringing activity even after the Center expressly alerted him that it owned an exclusive right in the Copyrighted Manuscript that appears verbatim in the Infringing Book.

85.    Bowman and Robine's contributory infringement is and has been willful, intentional, purposeful, and reckless, in complete disregard of the Center's rights, and has substantially damaged the Center.

86.    Each violation of the Center's rights in and to the Copyrighted Manuscript constitutes a separate and distinct act of copyright infringement.

**COUNT THREE**
**Vicarious Copyright Infringement**
**(Against All Defendants)**

87.    The Center incorporates each paragraph above as if fully set forth here.

16

88.     The creation, publication, and sale of the Infringing Book directly infringes the Center's exclusive rights and copyright in the Copyrighted Manuscript.

89.     A defendant commits vicarious copyright infringement when the defendant has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities.   A direct financial interest may but need not include payment of proceeds from sales of infringing material.   A direct financial exists where the availability of infringing material acts as a draw for customers.   There is no requirement that this draw be substantial.

90.     Bowman is co-editor of the Infringing Book.   Bowman is also engaged in business as a private Gestalt therapist and consultant as well as a provider of training services for other Gestalt therapists.

91.     As co-editor of the Infringing Book, Bowman had authority to supervise the directly infringing activities.   As co-editor, Bowman could have, for example, caused the Infringing Book's verbatim copy of the Copyrighted Manuscript to be removed.

92.     Bowman has a direct financial interest in the publication, sale and promotion of the Infringing Book.

93.     Among other things, the existence of the Infringing Book acts as a draw for customers for Bowman.   The Infringing Book contains marketing copy trumpeting Bowman's expertise and experience as a Gestalt therapist.   Bowman has also used his association with the Infringing Book, and with the works of Frederick Perls the Infringing Book contains, both to market his services directly to potential customers and to raise his esteem among colleagues in the Gestalt therapy community who may refer Bowman customers for therapy and training services.

94.     Robine is co-editor of the Infringing Book and Manager and Chief Editor of L'Exprimerie's publishing operations.   Robine is also engaged in business as a private Gestalt therapist, as a provider of training services for other Gestalt therapists, and as an author of Gestalt therapy books and articles.

95.     By virtue of his position as co-editor of the Infringing Book and Manager and Chief Editor of L'Exprimerie, Robine had authority to supervise the creation, publication, promotion, and sale of the Infringing Book.   As co-editor of the Infringing Book and Chief Editor and Manager of L'Exprimerie, Robine could have, for example, caused the Infringing Book's verbatim copy of the Copyrighted Manuscript to be removed.

96.     Robine has a direct financial interest in the publication, promotion, and sale of the Infringing Book.

97.     Among other things, Robine has a direct financial interest because he is employed by L'Exprimerie, which receives revenue for sale of the Infringing Book.   Robine is also the founder and Manager of L'Exprimerie, with control over its use of funds, and in that capacity too has a financial interest in the infringing activities.

98.     Robine also has a direct financial interest in the publication, promotion, and sale of the Infringing Book because the existence of the Infringing Book acts as a draw for customers for Robine's services.

99.     Among other things, the Infringing Book contains marketing copy promoting Robine's expertise and experience as a Gestalt therapist, as a trainer of other therapists, and as an author of Gestalt therapy books, several of which are advertised in the Infringing Book.

100.    Robine has also used his association with the Infringing Book, and with the works of Frederick Perls the Infringing Book contains, both to market his services directly to potential

customers and to raise his esteem among colleagues in the Gestalt therapy community who may refer Robine customers for therapy and training services, and who may also buy his books or select his current or future writings for publication.

101.    L'Exprimerie employs Robine and operates as a department the publishing business known as "L'Exprimerie."

102.    As Robine's employer and operator of the publishing business, L'Exprimerie has supervisory authority over Robine's infringing activities, as well as over Bowman's infringing activities insofar as they occurred as part of Bowman's work as co-editor of one of L'Exprimerie's publications.

103.    L'Exprimerie has a direct financial interest in the sale and promotion of the Infringing Book because it directly receives payments from sales of the Infringing Book and because the existence of the Infringing Book (which includes advertisements for other L'Exprimerie books), acts as a draw for customers for L'Exprimerie.

104.    Defendants have each profited from the direct infringement and has each failed to exercise their authority to stop or limit it.

105.    Defendants' vicarious infringement is and has been willful, intentional, purposeful and reckless, in complete disregard of the Center's exclusive rights, and has caused and is causing substantial damage to the Center.

106.    Each violation of the Center's rights in and to the Copyrighted Manuscript constitutes a separate and distinct act of copyright infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, The Center for Gestalt Development, prays for judgment in its favor and against Defendants:

1.      Finding that Defendants have infringed the Center's exclusive rights in the Copyrighted Manuscript under 17 U.S.C. § 106.

2.      Granting the Center declaratory relief under 28 U.S.C. §§ 2201-02 determining that Defendants' use of the Copyrighted Manuscript in the Infringing Book is not a fair use protectable under 17 U.S.C. § 107.

3.      Granting the Center permanent injunctive relief enjoining each Defendant from reproducing, modifying preparing derivative works from, publishing or selling, offering to sell, or otherwise distributing the Infringing Book, or any other infringing articles, including any copies of any of the foregoing existing in any form, under 17 U.S.C. § 502.

4.       Granting the Center statutory damages in the maximum amount allowed by law and profits or other advantages derived by Defendants arising out of or related to copyright infringement in the Copyrighted Manuscript, under 17 U.S.C. § 504, in amounts to be proven, and punitive damages to the extent available;

5.      Directing that Defendants reimburse the Center's attorneys' fees and costs under 17 U.S.C. § 505; and

6.      Granting any other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: May 25, 2022

*s/ John J. Powell*
John J. Powell
Pennsylvania Bar No. 312589
Kimberly Sachs
Pennsylvania Bar No. 325989
MONTGOMERY MCCRACKEN
  WALKER & RHOADS LLP
1735 Market Street
Philadelphia, PA 19103
Phone: (215) 772-7298
Fax: (215) 731-7620
jpowell@mmwr.com
ksachs@mmwr.com

*Counsel for Plaintiff, the Center
for Gestalt Development, Inc.*

21